# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Great West Casualty Company, ) | C/A No. 0:10-cv-121-JFA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Terminal Trucking Company, LLC, Wellman, ) | **ORDER** |
| Inc., Milliken & Company, Wilson Sutton, ) | |
| and Travelers Property and Casualty Company ) | |
| of America, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Great West Casualty Company initiated this declaratory judgment action, seeking a declaration from this court that it does not have a duty to provide coverage to Defendant Terminal Trucking Company, LLC or Defendant Wellman, Inc. for any liability they might incur because of an accident involving these defendants' trailer and its load of bales, which resulted in personal injury to Defendant Wilson Sutton, an employee of Defendant Milliken & Company. This matter is before the court upon all of the parties' motions for summary judgment, and after reviewing the parties' briefs and welcoming oral argument, the court grants in part and denies in part Great West's motion for summary judgment, which effectively disposes of the remaining motions.

## BACKGROUND

As part of its business, Wellman, Inc. sold bales of polyester fiber to Milliken & Company, and to effect these sales, Wellman, Inc. contracted with Terminal Trucking

Company, LLC to deliver the bales of fabric to Milliken through use of Terminal's tractors, trailers, and drivers. On August 1, 2007, employees of Wellman loaded a trailer with bales of fabric it sold to Milliken, and a Terminal driver delivered this loaded trailer to Milliken on that same day. After arriving at Milliken's property, Terminal's driver had a Milliken employee sign a receipt of delivery. He then unhitched the trailer from his truck and left the trailer on Milliken's property, as instructed by the Milliken employee. The following morning, William Sutton, an employee of Milliken, reported to work, and approached the trailer left by Terminal's driver. One part of his duties was to haul trailers that had been unloaded the previous day away from the loading dock and move loaded trailers left in the yard, like the one left by Terminal's driver, to the loading dock to be unloaded. After hitching a tractor to the trailer, Mr. Sutton walked to the back of the trailer and noticed the right-side door of the trailer was opened. Based on this fact, he presumed the trailer was empty and proceeded to unlatch the door on the left side of the trailer. As Mr. Sutton lifted the latch, a bale inside the trailer fell through the door and onto him, causing him serious personal injury.

Mr. Sutton filed suit in state court against Terminal and Wellman, seeking to recover damages for their alleged liability in the incident. At the time the accident occurred, Terminal maintained a commercial general liability policy and a commercial auto insurance policy with Plaintiff Great West Casualty Company, and Wellman was an additional insured to these policies. As already mentioned, Plaintiff Great West Casualty Company seeks a declaration from the court that it does not have to provide coverage to either Terminal or Wellman under either policy for any damages for which they are found liable.

**LEGAL STANDARD FOR SUMMARY JUDGMENT**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**ANALYSIS**

**I.    Coverage for Terminal Trucking Under the Commercial General Liability Policy**

Pursuant to the terms of the commercial general liability policy Great West issued Terminal, Great West agreed to pay for the sums that Terminal became "legally obligated to pay as damages because of 'bodily injury' or 'property damage'" to which the insurance applied, subject to numerous exclusions. (Compl. Ex. 2 at 86.) The policy further stated that it applied to 'bodily injury" and "property damage" only if the bodily injury or property damage is caused by an "occurrence," and the policy defined "occurrence" as "an accident,

3

including continuous or repeated exposure to substantially the same general harmful conditions." (*Id.*) Great West contends that coverage is excluded for Terminal under this policy pursuant to the "Aircraft, Auto, or Watercraft" exclusion endorsement, which states that the insurance does not apply to any:

> **AIRCRAFT, AUTO OR WATERCRAFT**
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use, or entrustment to others of any:
>
>> (1) "auto", or
>>
>> (2) aircraft or watercraft owned or operated by or rented, leased or loaned to any insured.
>
> Use includes operation and "loading or unloading".
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft.
>
>     . . . .
>
> B. Section V - Definitions is changed as follows:
>
>   1. The definition of "auto" is replaced with the following:
>
>     "Auto" means:
>
>       a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment . . . .

(Compl. Ex. 2 at 68.) Because the term "auto" includes a trailer and because it is undisputed that Mr. Sutton's injury arose out of his use of the trailer, the court finds that Great West does

4

not have to provide coverage to Terminal for any damages under the commercial general liability policy. Furthermore, none of the Defendants refute this contention by Great West. Therefore, the court grants Great West's motion for summary judgment and denies Defendants' motions for summary judgment with respect to this claim.

## II.    Coverage for Wellman, Inc. Under the Commercial General Liability Policy

Through an endorsement, Terminal added Wellman as an additional insured to the commercial general liability policy, and Wellman remained as such at the time the accident occurred. The endorsement stated:

A.  Who is an Insured is changed to include as an additional insured the person(s) or organization(s) shown in the SCHEDULE on this endorsement but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:

1. In the performance of your ongoing operations; or

2. In connection with your premises owned by or rented to you.

B.  The coverage provided by this endorsement shall be subject to all the terms, conditions, and exclusions of the policy and all endorsements attached thereto.

(Comp. Ex. 2 at 62.) Because the additional insured endorsement explicitly incorporates all of the exclusions and endorsements of the commercial general liability policy, which includes the Aircraft, Auto, and Watercraft exclusion discussed above, the court finds that Great West does not have an obligation to provide coverage to Wellman under the commercial general liability policy either. Even if Wellman was found liable for Mr. Sutton's

injuries because of the conduct of Terminal, the exclusion would still work as a bar to coverage for Wellman based on the record before the court. Therefore, the court grants Great West's motion for summary judgment and denies Defendants' motions for summary judgment with respect to this claim.[1]

### III. Coverage for Terminal Trucking Under the Commercial Auto Insurance Policy

Great West also issued Terminal a commercial auto insurance policy, which was effective at the time of the accident. Pursuant to the terms of the auto insurance policy, Great West agreed to pay all sums Terminal "legally must pay as damages because of 'bodily injury' or 'property damage' to which [the] insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'." (Compl. Ex. 2 at 29.) The policy defined accident to include "continuous or repeated exposure to the same conditions resulting in 'bodily injury' or 'property damage'." (Compl. Ex. 2 at 41.)

Great West first contends that there is no coverage under this policy because there is no evidence that Terminal or its employees proximately caused the injuries sustained by Mr. Sutton; therefore, Terminal cannot be legally liable to Mr. Sutton. Because this argument is in the process of being litigated in state court, the court refrains from addressing it in this order. Next, Great West contends, for the sake of argument, that even if Terminal was legally liable for Mr. Sutton's claims, the "Complete Operations" exclusion precludes coverage in this case. The "Completed Operations" exclusion states that the auto insurance policy does

---

[1] Because the court finds that Great West is not obligated to provide coverage to Terminal under this policy, it does not address Great West's argument that its coverage is excess coverage.

not apply to:

>    10.   COMPLETED OPERATIONS
>
>    'Bodily injury', 'property damage' or 'covered pollution cost or expense' arising out of your work after that work has been completed or abandoned.
>
>    In this exclusion, your work means:
>
>    a.   Work or operations performed by you or on your behalf, and
>
>    b.   Materials, parts or equipment furnished in connection with such work or operations.
>
>    Your work includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in Paragraph a. or b. above.
>
>    Your work will be deemed completed at the earliest of the following times:
>
>    > (1)   When all of the work called for in your contract has been completed.
>    >
>    > (2)   When all of the work to be done at the site has been completed if your contract calls for work at more than one site.
>    >
>    > (3)   When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.
>
>    Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

(Compl. Ex. 2 at 33.) Great West contends that Terminal's work was completed, pursuant to subsections two and three quoted above, when its driver left the loaded trailer at Milliken's

7

plant, as instructed by Milliken employees, and then left the plant's premises. Accordingly, it asks the court to declare that it does not have an obligation to provide coverage to Terminal under the auto insurance policy.

Terminal has expressed inconsistent views with respect to this issue. In its motion for summary judgment,[2] Terminal argued its belief that its work was not completed at the time of the accident because its work was not completed until Milliken had the opportunity to inspect, count, and unload the bales on the shipment. (Def. Sutton's Mot. for S.J. at 11.) To support this position, it cited to the deposition testimony of its President, Paul Matthews, in which he stated that although Terminal's driver had nothing left to do on the day he dropped the trailer off at Milliken's plant, he did not believe the job was completed until Terminal's trailer was unloaded and the empty trailer was removed from Milliken's property. (Matthews Dep. 79:17–80:9.) Yet, at the hearing held before the court, Terminal expressed a view consistent with Great West's argument—that is, its job was completed once Terminal's driver departed from Milliken's plant.

Because Terminal, as the named insured of the auto policy, has taken the position that its operations were completed at the time Mr. Sutton was injured, the court accepts this admission as its finding. Therefore, Terminal's operations were completed at the time the accident in this case occurred, which precludes Terminal from being covered under the auto policy. As such, the court grants Great West's motion for summary judgment as to this claim

---

[2] Terminal did not file its own brief in this matter; rather, it referred the court to Mr. Sutton's motion for summary judgment in support of its motion.

and denies Defendants' motion for summary judgment.[3]

## V.  Coverage for Wellman, Inc. Under the Commercial Auto Insurance Policy

Through an endorsement, Terminal added Wellman as an additional insured to the auto insurance policy, and Wellman remained as such at the time the accident occurred. The endorsement stated:

### SCHEDULE

Policy Expiration Date: January 1, 2008

Name of Additional Insured:

Wellman Inc
PO Box 2060
Fort Mill SC 29716

Description of Covered "Auto(s)":

APPLIES TO ALL TRUCKS, TRACTORS & TRAILERS OWNED, LEASED, HIRED, RENTED, OR BORROWED WHICH ARE USED BY THE NAME INSURED.

Section II - Liability Coverage, Paragraph A. Coverage, Subparagraph 1. Who is an Insured is changed to include as an "insured" the person or organization shown in the SCHEDULE on this endorsement only if they are liable for the conduct of an "insured" shown in the Who is an Insured provisions and only to the extent of that liability.

Coverage provided by this endorsement applies to "auto(s)" described in the SCHEDULE on this endorsement.

---

[3] Because the court finds that Great West is not obligated to provide coverage to Terminal under this policy, it does not address Great West's argument that its coverage is excess coverage.

> The coverage provided by this endorsement ends when the additional insured is not liable for your conduct or the Policy Expiration Date, whichever occurs first.
>
> The Additional Insured shown in the SCHEDULE on this endorsement is covered for an amount up to the Limit of Insurance required in an agreement with you or the policy's Limit of Insurance, whichever is less.

(Comp. Ex. 2 at 62.) In its motion for summary judgment, Great West contends that its policy only provides coverage to Wellman if it was in any way responsible for the conduct attributable to Terminal. Because it is undisputed that Wellman was solely responsible for loading the trailer and because Great West believes there is no evidence that Terminal is at fault for Mr. Sutton's injuries, Great West argues that it does not have to provide coverage to Wellman for any damages it must pay to Mr. Sutton.

In response, Wellman contends that it should be provided coverage under Great West's auto insurance policy. First, it argues that the court should find it to be an insured under Great West's policy, rather than an additional insured, because it was a "permissive user" of the trailer involved in the accident. To support its contention, Wellman directs the court's attention to the following provision in the auto insurance policy:

> 1.   WHO IS AN INSURED
>
>      The following are "insureds":
>
>      a.   You for any covered "auto".
>
>      b.   Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
>
>      . . . .

> (4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

(Compl. Ex. 2 at 29.) Wellman contends that it was a borrower of Terminal's trailer, while it moved bales of fabric onto the trailer, which by definition is a covered auto; therefore, it believes it should be considered an insured under the contract as a permissive user. Great West refutes this argument, and in doing so, it notes that the Transportation Agreement between Terminal and Wellman dispels any notion that Wellman borrowed the trailer from Terminal. The court agrees with Great West on this point, as Terminal had a contractual obligation to provide trailers to Wellman in order to transport Wellman's goods. Moreover, Terminal specifically had Wellman added as an additional insured, which allowed Great West to explicitly delineate its obligations to Wellman.

Recognizing Wellman as an additional insured, Great West contends that coverage for Wellman is excluded pursuant to either of two exclusions contained in the policy: the Completed Operations exclusion or the Contractual Liability exclusion. But Great West has not made a showing as to why or how these exclusions present in the auto insurance policy apply to Wellman as an additional insured. Unlike the additional insured endorsement to the commercial general liability policy, quoted above, the additional insured endorsement to the auto policy does not include language which incorporates all of the terms, conditions, and exclusions of the policy into the coverage provided by the endorsement. Therefore, the court does not find that those provisions and exclusions apply to Wellman as an additional

11

insured.[4]

Instead, the court finds that the additional insured endorsement explicitly states where Wellman's coverage under the policy both begins and ends. By the terms of the endorsement, Wellman is an additional insured only insofar as it is liable for the conduct of an "insured" shown in the "Who is an Insured" provisions and only to the extent of that liability. Although Wellman argues that the additional insured agreement is both circular and ambiguous, the court disagrees. While Wellman contends that the "Who is an Insured" language is unclear, the endorsement specifically states that "Who is an Insured" are those entities already listed in Section II-Liability Coverage, Paragraph A. Coverage, Subparagraph 1, which includes Terminal. Moreover, the endorsement later used the term "Additional Insured" to reference Wellman, rather than "Who is an Insured". Based on this language, the court does not agree with Wellman's argument that a reasonable interpretation of "Who is an Insured" includes it.

Nor does the court agree with Wellman's contention that the additional insured endorsement is eviscerated by construing it to include coverage for Wellman only if it is liable for Terminal's conduct. The primary purpose of the policy was to cover Terminal for any liability arising out of its operations, and Great West later agreed to provide coverage to Wellman to the extent it was subject to legal liability because of the operations of Terminal,

---

[4]Also unlike the additional insured endorsement to the commercial general liability policy, quoted above, the additional insured endorsement to the auto policy does not include language which makes the coverage provided by the endorsement excess over any other valid and collectible insurance available to Wellman. Therefore, the court does not find that the excess coverage provision applies to Wellman as an additional insured.

its primary insured, which is consistent with the purpose of the policy as a whole. In his complaint, Mr. Sutton alleges, among other things, that the bales of fiber were improperly loaded, that the bales of fiber had shifted during transit, that Terminal failed to train its driver to recognize certain events which may occur during transit that cause the cargo in a trailer to shift, and that Wellman and Terminal had no procedure by which to make sure the load in the trailer was safe for unloading after being delivered to Milliken. As such, the court finds that Great West must provide coverage to Wellman, but only if Wellman is ultimately found liable for damages resulting from Terminal's conduct. Of course, that determination is the subject of the litigation currently proceeding in state court.

## CONCLUSION

For the foregoing reasons, the court finds that Plaintiff Great West Casualty Company does not have a duty to provide coverage to Defendant Terminal Trucking Company, LLC under either its commercial general liability policy or its commercial auto coverage policy. The court further finds that Plaintiff Great West Casualty Company does not have a duty to provide coverage to Defendant Wellman, Inc. under its commercial general liability policy, but it does have this duty with respect to Wellman, Inc. under its commercial auto coverage policy to the extent the liability Wellman is subjected to arises from the conduct of Terminal. This order concludes this case.

    IT IS SO ORDERED.

March 21, 2011                                     Joseph F. Anderson, Jr.
Columbia, South Carolina                   United States District Judge